Robert N. H. Christmas, Esq.
NIXON PEABODY LLP
437 Madison Avenue
New York, NY 10022
Telephone: (212) 940-3000
Facsimile: (212) 940-3111

*Counsel for John Sheahan and Ian Russell Lock as Liquidators*
*of B.C.I. Finances Pty Limited (in Liquidation)*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
                                                    :
                                                    :
In re:                                              :  Chapter 15
                                                    :
B.C.I. FINANCES PTY LIMITED (In Liquidation),       :  Case No. 17-11266
                                                    :
            Debtor in a Foreign Proceeding.         :
                                                    :
                                                    :
                                                    :
-----------------------------------------------------------------------x

## DECLARATION OF JOHN SHEAHAN
## IN SUPPORT OF VERIFIED PETITION

JOHN SHEAHAN, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury as

follows:

      1.     In my capacity as joint and several liquidator ("Liquidator" or "Petitioner") and as

duly authorised foreign representative (together with Ian Russell Lock, the "Liquidators") of

B.C.I. Finances Pty Limited (in Liquidation) (the "Debtor" or "B.C.I. Finances"), I hereby

submit this declaration in support of the *Petition under Chapter 15 for recognition of a foreign*

*main proceeding* (the "Verified Petition") filed contemporaneously herewith, seeking this

Court's recognition of the Debtor's Australian liquidation proceeding as a "foreign main

proceeding" as that term is defined pursuant to section 1502(4) of the Bankruptcy Code.

2.        On August 27, 2014, Mr Lock and I, both of Sheahan Lock Partners ("Sheahan Lock"), were appointed as joint and several liquidators of the Debtor by order of the Federal Court of Australia pursuant to section 472(1) of the *Corporations Act 2001* (Cth) (the "Corporations Act"), an Act of the Federal Parliament of Australia.  A copy of the order of the Court dated August 27, 2014 evidencing that appointment is attached to the Verified Petition as Annexure A.  A copy of the document filed with the Australian Securities and Investments Commission ("ASIC") on October 31, 2014 evidencing that appointment is attached to the Verified Petition as Annexure B.  Mr Lock and I were earlier appointed as joint and several liquidators of the Debtor pursuant to a resolution passed at the second meeting of creditors of the Debtor held on April 23, 2014, pursuant to section 439C of the Corporations Act.  A copy of the minutes of the meeting of creditors of the Debtor held on April 23, 2014 is attached to the Verified Petition as Annexure C.

3.        I have been advised by my Australian legal counsel and solicitors, Clayton Utz, that the Supreme Court of New South Wales and the Federal Court of Australia (the "Australian Courts") are the judicial bodies in Australia that have the supervisory authority over the Debtor's liquidation proceeding in Australia.

4.        I am authorised to make this Declaration acting in my capacity as the joint and several liquidator of the Debtor.  Where matters stated in this Declaration are statements of fact that are within my personal knowledge, they are true.  Where the matters stated in this Declaration are statements of fact that are not within my personal knowledge, they are derived from documents and/or information supplied to me and are true to the best of my knowledge, information and belief.

## BACKGROUND

5.      I am a Fellow of Chartered Accountants Australia and New Zealand and a member of the Australian Restructuring Insolvency and Turnaround Association.

6.      I am a registered liquidator, having met the qualifications for registration with ASIC pursuant to section 1282(2) of the Corporations Act (which was in force when my registration as a liquidator was most recently renewed).  I have been in practice as a registered liquidator for over 30 years.  A copy of my certificate of registration is attached hereto as **Exhibit A**.  The required qualifications in force when my registration as a liquidator was most recently renewed includes, non-exhaustively:

>    a.  a three year course of study in accountancy;

>    b.  a two year course of study in commercial law;

>    c.  in ASIC's opinion, sufficient experience in corporate insolvency and winding up bodies corporate; and

>    d.  being a fit and proper person to be registered as a liquidator.

### A.      The Debtor

7.      The Debtor was registered as a company on May 1, 1992 under Division 1 of Part 2.2 of the *Corporations Law* of the Australian Capital Territory (a precursor to the Corporations Act).  The Debtor is identified by its Australian Company Number (A.C.N.) 055 988 531.  The Company's registered office with ASIC is situated at Mr Lock's and my Adelaide offices at Level 8, 26 Flinders Street, Adelaide, South Australia, Australia.

8.    A copy of the Debtor's Certificate of Registration with ASIC is attached to the Verified Petition as <u>Annexure D</u>.

9.    The Debtor operated as an intercompany borrowing and lending entity within a remarkably complex group of companies controlled and operated by, and used for the personal benefit of, the Binetter family, many of which companies have been the subject of a far-ranging tax investigation by the Australian Tax Office.  The results of that investigation, as discussed in more detail below, have culminated in legal proceedings against, among other parties, certain banks and members of the Binetter family personally, in connection with an international tax avoidance scheme involving the Debtor and other family companies going back 25 years.

10.    The Debtor has eight issued ordinary shares which, according to ASIC's records, are held by Emil Binetter (now deceased) and by Erwin Binetter (now deceased) as to four ordinary shares each.

**B.    The Australian Liquidation Proceeding**

11.    In accordance with a resolution of the directors of the Debtor held on March 5, 2014, Antony Resnick and Brian Raymond Silvia, of the firm BRI Ferrier NSW, were appointed as the joint and several administrators of the Debtor (the "<u>Administrators</u>"), pursuant to the provisions of Part 5.3A, section 436A of the Corporations Act.  A copy of the document filed with ASIC on March 6, 2014 is attached hereto as **<u>Exhibit B</u>**.

12.    At the time of the Administrators' appointment, the Debtor was no longer trading (and had not so traded for many years).

- 4 -

13.     As I state at paragraph 2 above, Mr Lock and I were appointed as the joint and several liquidators of the Debtor – effectively replacing the Administrators – at the second meeting of creditors of the Debtor held on April 23, 2014.

14.     Since our appointment as joint and several liquidators of the Debtor, Mr Lock and I have administered the property and affairs of the Debtor for the benefit of its creditors.  This has involved, amongst other things:

> a.  identifying and notifying creditors of the Debtor of our appointment;
>
> b.  calling meetings of creditors of the Debtor;
>
> c.  interacting with the Administrators, the Debtor's directors and the Debtor's former legal advisors to obtain the Debtor's books, records and legal files;
>
> d.  investigating offences and causes of action that may be able to be pursued by us for the benefit of creditors of the Debtor;
>
> e.  in conjunction with our Australian legal advisors, identifying, formulating and prosecuting causes of action against the Debtor's directors and certain of those directors' related entities; and
>
> f.  undertaking various legal tasks in connection with the legal proceedings referred to above, including dealing with several interlocutory applications and appeal proceedings.

15.     Mr Lock and I, as the joint and several liquidators of the Debtor, are presently involved in several pieces of litigation on behalf of the Debtor, and for the benefit of the creditors of the Debtor.  Those pieces of litigation are set out in greater detail below.

16.    A prime function of my role as Liquidator is to realise all property of the Debtor, which in the circumstances is limited to the proceeds of successfully-prosecuted legal claims, and to distribute that property amongst the creditors of the Debtor.

17.    I also refer to the Declaration of Tobin Philip Meagher (the "Meagher Declaration"), one of my Australian solicitors, filed contemporaneously with the Verified Petition and which sets out in further detail the duties of a liquidator under Australian law.

**C.    Summary of conduct giving rise to legal claims**

18.    The Debtor's directors (being, at the time of the Administrators' appointment, Andrew Binetter, Margaret Binetter (Andrew's mother) and Gary Binetter (Andrew's cousin)) caused the Debtor to deposit funds with an Israeli Bank, Bank Hapoalim B.M (the "Bank"). Those funds were then utilised as security for the operation of a 'loan' facility with the Bank; a so-called 'back-to-back' loan.  Deductions were claimed for interest said to be payable on these loans, however the Bank did not charge interest at commercial rates.  These loans were not true commercial arrangements, and allowed the Debtor to repatriate funds to, and expatriate funds from, Australia under the guise of a commercial loan.  The proceeds of these loans were then on-lent to entities associated with the Binetter family, the purpose of which was to conceal the existence of the overseas deposits and income from the Commissioner of Taxation (the "Commissioner") and to evade tax in Australia.

19.    In 2006, an audit by the Commissioner found that the so-called 'loans' were not bona fide, and in December 2009 issued amended tax assessments on the Debtor.  Mr Lock's and my investigations into the affairs of the Debtor have revealed that the controllers of the Debtor – Andrew Binetter in particular – exposed the Debtor to significant risks.  In summary:

- 6 -

    a.  Mr Binetter undertook to include the Debtor in activities that required it to carry out acts prohibited by law; and

    b.  lodged falsified income tax returns on the Debtor's behalf so as to include deductions for expenses that could not be substantiated by company records, thereby exposing the Debtor to liabilities to pay interest charges under Australian taxation legislation and causing it to incur tax debts which rendered it insolvent.

20.    On the basis of Mr Lock's and my investigations, the Debtor served no other purpose than to act as an intercompany 'lender' within the Binetter group of companies.  By utilising the Debtor solely for this purpose, Mr Binetter and the Debtor's other directors acted in breach of their statutory and fiduciary duties owed to the company.

**D.    First substantive proceedings – Australia case number SAD5/2015**

21.    These were the first substantive proceedings brought in relation to the conduct referred to at paragraphs 18 to 20 above and were filed by Mr Lock and me in the South Australia District Registry of the Federal Court of Australia on January 14, 2015.

22.    The respondents to the claim were:

    a.  the Estate of Emil Binetter;

    b.  the Estate of Erwin Binetter;

    c.  Margaret Binetter;

    d.  Andrew Binetter;

    e.  Gary Binetter;

    f.  Michael Binetter;

    g.  Milgerd Nominees Pty Limited;

    h.  Erma Nominees Pty Limited;

    i.  Ligon 159 Pty Limited; and

    j.  Ligon 158 Pty Limited.

23.    For the purposes of this Declaration, I do not propose to go into any detail of the various interlocutory applications and other extensive battles in which Mr. Lock and I had to engage, for example, to obtain documents to which we were lawfully entitled as Liquidators.

24.    The trial for these proceedings commenced before her Honour Justice Gleeson on August 31, 2015 and occupied nine hearing days.  The final day of hearing in the trial was September 29, 2015.

25.    On November 18, 2016, Justice Gleeson delivered and published reasons for judgment in the proceedings.  Justice Gleeson's key findings can be summarised as follows:

    a.  with the exception of Margaret and Gary Binetter, each of the respondents breached their duties as directors of one or more of the companies constituting the Binetter corporate group (that is, the Debtor and related entities) and/or was knowingly involved in such breaches;

    b.  the breaches of duty caused significant losses, being the tax liabilities resulting from the amended tax assessments; and

c.  each of the respondents was involved in particular breaches relating to the financial and taxation dealings of one or more of the companies in different capacities and at different times. As a consequence, each caused different elements and amounts of the losses suffered by the companies.

26.   We have appealed against Justice Gleeson's orders dismissing our claim against Margaret and Gary Binetter.  The matter has been listed for case management proceedings on May 16, 2017.

27.   In relation to our success against the other respondents to the claim, liability has been found, and merely the quantum of judgment to be entered against each such respondent is now in dispute.  Justice Gleeson heard argument from the parties on February 13 and 14, 2017, and has reserved judgment.  We expect Justice Gleeson to deliver judgment in this regard and enter final monetary orders within the next three months.  We expect the respondents to appeal those orders in any case.

**E.     Second substantive proceedings – Australia case number NSD1600/2015**

28.   These proceedings relate to substantially the same subject matter as the first substantive proceedings, however have been brought against various third party entities, including the Israeli banks involved, whom we claim aided and abetted, or were otherwise complicit in, the actions of the respondents the subject of the first substantive proceedings.

29.   The respondents to this claim are:

a.  Tamarama Fresh Juices;

b.  Ligon 237 Pty Limited;

- 9 -

    c.  12 Years Juice Foods Pty Limited;

    d.  12 Years Juice Foods Australia Pty Limited;

    e.  12 Years Juice Franchising Systems Pty Limited;

    f.  Real Juice Pty Limited;

    g.  Winmar Investments Pty Limited;

    h.  Dunba Investments Pty Limited;

    i.  Dunmaf Investments Pty Limited; and

    j.  Israel Discount Bank Limited.

30.    The Bank and its Swiss subsidiary, Bank Hapoalim (Switzerland) Limited, were initially named as respondents to the claim, but we have since discontinued the claim as against them.

31.    The respondents to the claim have brought an application seeking that the proceedings be permanently stayed on the basis of an Australian legal precedent known as '*Anshun estoppel*', which I am informed by my Australian solicitors relates to the respondents' assertion that the interrelationship between these proceedings and the first substantive proceedings is such that this claim ought to have been included in those earlier proceedings, and that we ought therefore be estopped from prosecuting this claim. Mr Lock and I are advised by our Australian solicitors that the respondents' application in this regard is without merit and, accordingly, we expect that the application will not succeed.

32.    The matter is next before the Court on July 27, 2017.

**REQUEST FOR RELIEF**

33.     As Liquidator, I respectfully request this Court's recognition of the Debtor's Australian liquidation proceeding as a "foreign main proceeding" as that term is defined pursuant to section 1502(4) of the Bankruptcy Code.

34.     As described above and in the Meagher Declaration, under the law of Australia and our appointment by the Court as joint and several liquidators of the Debtor, Mr Lock and I have been provided with extensive powers as Liquidators, subject to court supervision, to operate the Debtor, investigate the Debtor's affairs, and preserve the Debtor's assets for the benefit of creditors of the Debtor.

35.     I have been advised by my counsel in the United States that chapter 15 of the Bankruptcy Code exists, *inter alia*, to assist foreign representatives such as Mr Lock and me in the performance of our duties and interests in administering the Debtor's estate and assets in the most efficient way possible in order to maximize the value received by creditors of the Debtor.

36.     Here, relief under chapter 15 of the Bankruptcy Code is necessary to obtain documents and information in the United States from individuals in the New York area and otherwise in this judicial district to carry out our responsibilities as Liquidators, and to also ensure that no respondents to any of the legal proceedings commenced by us on behalf of the Debtor frustrate our responsibilities by disposing, transferring or otherwise diminishing their assets that might otherwise be available to meet judgments obtained by us for the benefit of creditors of the Debtor.  Upon information and belief, certain members of the Binetter family involved in the operations of the Debtor and with documents and/or knowledge regarding the Debtor's assets, liabilities and financial affairs, in particular Andrew Binetter, have (a) taken up

permanent residence in the United States and in this District, and (b) transferred funds (i) involved with or resulting from their tax schemes, (ii) that should be available to satisfy the ultimate judgments rendered in Australia, and/or (iii) form the basis for tracing such relevant funds transferred to other institutions, from or to one or more financial institutions in this district.

37.   The Debtor has assets in the United States in the form of, at a minimum, a retainer of $1,250 in the trust account of the Liquidators' counsel in this case, Nixon Peabody LLP.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 8th day of May 2017.

_____
John Sheahan

Sworn to this 8th day of May 2017 before the undersigned who is duly authorized to witness and attest to the execution of documents of this nature within Australia.

_____
Oliver John Donaldson Sheahan

A Commissioner for taking affidavits in the Supreme Court of South Australia
My commission expires: (not applicable)

# Exhibit A



**ASIC**

Australian Securities & Investments Commission

# Details of Registration
# as an Official Liquidator

## Registered Number: 5769

This is to certify that

## John Sheahan

was on the first day of January 1991
deemed registered as an official liquidator under
section 1278 of the Corporations Law.



Given under the seal of the
Australian Securities and Investments Commission
on this 24th day of October 2000.

Selina Folland
As a Delegate of the
Australian Securities and Investments Commission

# Exhibit B

Page 1 of 2  DocId: 7E5886706  ACN :055 988 531

**Australian Securities &
Investments Commission**

| Electronic Lodgement |
| --- |
| Document No. **7E5886706** |
| Lodgement date/time: 06-03-2014 09:43:01 |
| Reference Id: 88711820 |

**Form 505**
Corporations Act 2001
**415** (1), **427** (2), **427** (4), **450A** (1)(a),
**499** (2C)(a) & (b), **537** (1) & (2),
Corporations Regulations 2001
5.3A.03

# External Administration
# Appointment of an external administrator

## Liquidator details

Registered liquidator number

**432261**

Registered liquidator name

**ANTONY RESNICK**

## Company details

Company name

**B.C.I. FINANCES PTY. LIMITED**

ACN

**055 988 531**

Company industry type

**Financial and Insurance Services - Credit Provider**

## Add a new appointment

Appointee details

Liquidator No.          432261

Person Name

**ANTONY RESNICK**

Address

**'BRI FERRIER AUSTRALIA SQUARE'
LEVEL 30 264-278 GEORGE STREET
SYDNEY NSW 2000 Australia**

Type of Appointment                    **Appointed Jointly and Severally**

Page 2 of 2  DocId: 7E5886706  ACN :055 988 531

Form 505 - Appointment of an external administrator
Liquidator: 432261 - ANTONY RESNICK

| Appointee details | | |
|---|---|---|
| | Liquidator No. | **4614** |
| | Person Name | |
| | | **BRIAN RAYMOND SILVIA** |
| | Address | |
| | | **BRI FERRIER (NSW) PTY LTD** |
| | | **AUSTRALIA SQUARE, LEVEL 30 264-278** |
| | | **GEORGE STREET SYDNEY NSW 2000** |
| | | **Australia** |
| | Type of Appointment | **Appointed Jointly and Severally** |

## Appointment Details

Provide the date of appointment.
**05-03-2014**

Type of administrator
**Administrator**

Method of appointment
**appointment by company under writing under its common seal**

## Authentication

This form has been authenticated by
Name          ANTONY RESNICK
This form has been submitted by
Name          Antony RESNICK
Date          06-03-2014

**Payment**
You need to pay the fee (and any late fees if required) by Bpay or cheque in accordance with the instructions on your invoice

**For more help or information**
Web            www.asic.gov.au
Ask a question?   www.asic.gov.au/question
Telephone       1300 300 630

ASIC Form 505 Ref 88711820